IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUETCY Y. CARMONA,<br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br>　　　　Defendant. | :<br>:<br>:<br>:　　Civ. No. 18-1752<br>:<br>:<br>: |

# O R D E R

Plaintiff Quetcy Y. Carmona, through counsel, challenges the denial of disability insurance benefits and supplemental security income. (Pl.'s Req. for Review, Doc. No. 13.) Magistrate Judge Timothy R. Rice has recommended that I uphold the Commissioner's decision and enter Judgment in favor of the Commissioner. (R & R 1, Doc. No. 23.) Plaintiff has objected and the Commissioner has responded. (Objs., Doc. No. 26; Gov't Resp., Doc. No. 28.) I will overrule Plaintiff's objections and adopt Judge Rice's Report and Recommendation.

## I.　　PROCEDURAL HISTORY

On September 24, 2014, Plaintiff filed her supplemental security income application and her disability insurance benefits application. (R. 19, Doc. No. 6-2.) She alleges that, beginning November 30, 2013, she became disabled and completely unable to work. (Id.) Her applications were first denied on February 4, 2015. (Id.) On March 5, 2015, Plaintiff filed a written request for a hearing, which the ALJ conducted on August 31, 2016. (Id.) The ALJ denied Plaintiffs claims, finding that Plaintiff was not disabled, and that although she is unable to resume her prior employment, she is "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (R. 29–30.) Plaintiff's request for review by the Appeals Committee was denied. (R. 1–3.) On April 2, 2019, Judge Rice submitted his Report and Recommendation. (R & R, Doc. No. 23.)

## II. LEGAL STANDARD

I must affirm the ALJ's decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Malloy v. Comm'r of Soc. Sec., 306 F. App'x 761, 764 (3d Cir. 2009).

I review *de novo* those portions of the Report and Recommendation or specific factual findings to which objection is made. 28 U.S.C. § 636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). I may "accept, reject, or modify, in whole or in part, [the Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1). It is also within my discretion to rely on the findings and conclusions of the Magistrate Judge to which no objection has been made. See United States v. Raddatz, 447 U.S. 667, 676 (1980).

## III. DISCUSSION

Plaintiff argues that Judge Rice should have ruled that the ALJ erred in: (1) improperly reaching his finding as to plaintiff's RFC based solely on his lay interpretation of medical evidence; (2) rejecting the severity of Plaintiff's disability based upon the "conservative" nature of her treatment; and (3) failing to weigh the testimony of Plaintiff's daughter. (Objs. 1, 5, 7.)

*Residual Function Capacity*

Plaintiff first argues that Judge Rice should have rejected the ALJ's finding that she had the RFC to perform sedentary work because the ALJ relied only on his "own lay interpretation of

the medical evidence." (Objs. 1.) Plaintiff contends that without medical *opinion* evidence, the ALJ could not have made the RFC finding. (Objs. 1–5.) I disagree.

The ALJ "is responsible for assessing [the claimant's] residual functional capacity." 20 C.F.R. § 404.1546(c). The RFC assessment is a function-by-function determination based upon all the relevant evidence of the claimant's ability to do work related activities despite the limitations caused by her impairments. See id.; Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 121 (3d Cir. 2000). The ALJ must support his findings with medical evidence. Doak v. Heckler, 790 F.2d 26, 29 (3d Cir. 1986). The ALJ is not bound by a treating physician's RFC opinion; rather, he may reject the opinion if there is a lack of supporting data in the record, or if the opinion is contrary to the medical evidence. See Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011); Mays v. Barhart, 78 Fed. App'x 808, 813 (3d Cir. 2003) (no requirement that the ALJ must seek a separate expert opinion).

The ALJ's findings here are amply supported by the record. In finding that Plaintiff has the RFC to perform sedentary work, the ALJ: considered the entire record, including dozens of pages of medical records and Plaintiff's entire medical history; described Plaintiff's statements regarding her symptoms, past treatment, diagnoses, and medical visits; and explicitly stated that, in considering all the evidence, he found Plaintiff's complaints were disproportionate to the medical evidence in the record. (R. 24–29.) The ALJ thus found that, despite Plaintiff's impairments, she could perform work at the sedentary exertional level with some adjustments. (R. 23, 29); 20 C.F.R. §§ 404.1568(a), 416.967(a). Nowhere in the ALJ's opinion did he contradict medical evidence regarding Plaintiff's RFC; indeed, his determination includes his explicit consideration of the medical evidence. Accordingly, I will overrule Plaintiff's objection on this issue.

*Severity of Conditions*

Plaintiff also argues that Judge Rice should have ruled that the ALJ did not have substantial evidence to reject her disability claim based on his finding that her course of treatment was "sporadic, routine, and conservative." (Objs. 5–7); (R. 25.) Plaintiff maintains that the ALJ lacks the "medical expertise" to evaluate the severity of her conditions and the degree of treatment she received, and also argues that the ALJ failed to "identify any authoritative sources" in support of his findings. (Objs. 6.) Plaintiff also argues that the ALJ overlooked evidence regarding her muscle spasms. (Objs. 6–7.) Again, I disagree.

To determine whether a claimant is disabled, the ALJ must conduct a five-step sequential analysis using all evidence in the claimant's case record. 20 C.F.R. § 404.1520. At step two, the ALJ must determine—"solely on the basis of medical evidence"—whether the claimed impairment is "severe." Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982). The claimant must "produce adequate medical evidence to support [her] showing of a severe medically determinable impairment." Bowen v. Yuckert, 482 U.S. 137, 165 n.5, 173 (1987). The ALJ determines whether a claimant is disabled and evaluates the severity of conditions by considering several factors, including the intensity and frequency of symptoms, and any treatment a claimant has received. 20 C.F.R. §§ 404.1529(a), (c); § 416.929(c). In evaluating the medical evidence, the ALJ "must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000.)

Contrary to Plaintiff's contention, the ALJ thus had the express authority (and indeed, the obligation) to evaluate the severity of her symptoms, and to consider her symptoms and treatment in finding she was not disabled. As Judge Rice points out, the ALJ thoroughly described Plaintiff's

medical visits, diagnoses, and various treatments. (R & R, 8–9); (R. 24–28). After considering the medical evidence, the ALJ found that "the claimant's treatment has been sporadic, routine and conservative . . . [and] moreover, physical examinations and diagnostic studies were routinely negative or demonstrated only mild findings." (R. 25.) The ALJ thus properly considered and weighed the evidence in finding that Plaintiff's testimony regarding her symptoms was "disproportionate" with the medical findings he found more reliable. (R. 24–29) ("examination demonstrated mild tenderness in the upper back and normal spinal alignment") ("range of motion of the back was normal") ("normal range of motion in neck") ("she did not require hospitalizations or emergency room care").

Accordingly, because the ALJ based his finding that Plaintiff was not disabled on substantial evidence, I will overrule Plaintiff's objection on this issue.

### *Failure to Weigh Daughter's Testimony*

Finally, Plaintiff argues that Judge Rice should have ruled that the ALJ failed either to consider the testimony of Plaintiff's daughter (Ms. Gomez) or explain the weight he assigned to it. (Objs. 7–9.)

The ALJ must "consider and weigh all of the non-medical evidence before him," including testimony from family or friends, "and explain his reasons for rejecting any such testimony." Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 122 (3d Cir. 2000); see also 20 C.F.R. § 416.913(d)(4). The ALJ does not have to discuss cumulative opinion testimony. Bailey v. Astrue, No. 07–4595, 2009 WL 577455, at *11 (E.D. Pa. Mar. 4, 2009).

Here, the ALJ addressed Ms. Gomez's testimony and summarized her statements. (R. 25.) As Judge Rice notes, because Ms. Gomez's testimony was consistent with Plaintiff's testimony

5

(which the ALJ discussed in detail), the ALJ was not obligated to repeat that detailed discussion with respect to all of Ms. Gomez's testimony.  (R & R 10–11); (R. 49–90); (R. 24–25, 28.)

Accordingly, I will overrule Plaintiff's objection.

IV. **CONCLUSION**

**AND NOW**, this 10th day of October, 2019, after careful and independent review of the initial Complaint (Doc. No. 2), the Government's Answer (Doc. No. 7), the administrative record (Doc. No. 6), Plaintiff's Brief and Statement of Issues in Support of Request for Review (Doc. No. 13), the Government's Response (Doc. No. 14), Judge Rice's Report and Recommendation (Doc. No. 23), Plaintiff's Objections (Doc. No. 26), and the Government's Response (Doc. No. 28), it is hereby **ORDERED** that:

1. Plaintiff's Objections (Doc. No. 26) are **OVERRULED**;
2. The Report and Recommendation (Doc. No. 23) is **APPROVED** and **ADOPTED**;
3. Plaintiff's Request for Review (Doc. No. 13) is **DENIED**; and
4. The **CLERK OF COURT** shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
―――――――――――――――
Paul S. Diamond, J.